09-20470.rr2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20470 CR MARTINEZ

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

EMMANUEL MAXIME, et al.,

 Defendants.
_____/

### REPORT AND RECOMMENDATION

**This matter** is before this Court on the Defendant Emmanuel Maxime's Motion to Suppress In and Out of Court Identification, filed May 3, 2010 (D.E. 130).[1] The Court has reviewed the Motion, the Response, and all pertinent portions of the record.

### Facts

Defendants are charged in the superseding indictment with conspiring to affect commerce by robbery, affecting commerce by robbery, and possession of a firearm in furtherance of a crime of violence that resulted in death in violation of 18 U.S.C. § 1951(a), §924(c)(1)(A), §924(j) and 2.[2] In the robbery, which took place at the Express clothing store in Dadeland Mall on December 1, 2008, firearms were used to rob approximately $63,000 from a Dunbar security guard who was walking through that store.

---

[1] This Motion was adopted by Defendant Dwight Carter.

[2] Defendant Carter was also charged with two narcotics offenses and with possession of a firearm in furtherance of a drug trafficking crime.

1

Defendants move to suppress evidence concerning pretrial photographic lineups as well as all identification testimony by witnesses at trial that viewed the photographic lineups. Two witnesses ("M.A."/Witness #1 and "F.M."/Witness #2) picked Defendant Maxime out of a photographic lineup and two other witnesses ("M.P./Witness #3 and "O.S"/Witness #4) separately picked Defendant Carter out of a lineup.

The Complaint affidavit states that, consistent with the store security cameras, various witnesses described the crime as being committed by two black males wearing dark clothing. Security cameras revealed that the skinnier male shot the guard, but both men had guns. After the shooting, both men ran out of the store and escaped through a side exit of the mall.

The complaint further states that witnesses stated that Subject 1 was loitering inside the Express store about 15-20 minutes prior to the robbery. It further states that "witnesses collectively described Subject 1 as tall (5'10 to 6'3"), heavy (250 to 350 lbs), wearing dark clothing and a baseball cap." Aff. p. 4. Subject 2 was standing by some columns inside the mall near the Express during the 15-20 minutes prior to the robbery. Subject 2 was described as "a black male, shorter than Subject 1 (5'5" to 5'10"), thinner than Subject 1 (140 to 240 lbs), and also wearing dark clothing".

In January, 2009, photographic lineups containing six photographs were shown to Witness #1 and Witness #2, both of whom identified Defendant Maxime as the person who looked like Subject #1. Also in January, 2009 a photographic lineup containing six photographs was shown to Witness #3, who identified Defendant Carter as Subject #2. Witness #4 was shown two six person arrays containing different views of Defendant Carter (front and side), as well as two six-person arrays containing photographs of Defendant Maxime as well as Erskine Jefferey Ritchie, II. Witness #4 identified Defendant Carter from the front and the side as Subject #2. Copies of the respective lineups are

2

attached as exhibits to the Government's Responses.

## Discussion

The Eleventh Circuit follows a two step analysis in determining the constitutionality of the admission of out-of-court identifications. United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001). The Court must initially determine whether the identification procedure was unduly suggestive. Id. Only if the answer to that question is yes, does the court continue the inquiry into "whether, under the totality of the circumstances," the identification was nonetheless reliable, by applying the five factor test announced in Neil v. Biggers, 409 U.S. 188 (1972). Id.[3]

The Court finds that Defendants have failed to establish the first prong - i.e, that the procedure was unduly suggestive. In attempting to establish this prong, Defendants argue as follows:

> Only a "collective" description of the assailants is referenced in the complaint. However, because the prior descriptions of the specific witnesses referenced in the complaint who identified the Defendant are not known, there is simply no way to determine how closely the Defendant matched those witnesses' descriptions. More importantly ... there is no way to determine how closely the other photographs in the lineup matched either witness' prior description.
>
> ... If the Defendant was the only person in the photographs who fit the witnesses' prior descriptions when ... they viewed these photographs, it was inevitable they would positively identify the Defendant. A six-person simultaneous photographic lineup composed of persons matching a collective description of an unknown number of witnesses is impermissibly suggestive if the Defendant is the only one within that lineup who matches the prior description of the specific witness viewing it. ...

Mot. pp. 4-5.

Defendants' argument fails, in that they have not identified any particular trait which was

---

[3]These factors include (1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the identification. Neil v. Biggers, 409 U.S. 188, 199 (1972).

mentioned by any witness, collectively, or otherwise, such that the photographic displays which were shown to them might have been rendered suggestive. For example, if Defendants had alleged that a witness to the incident described the particular subjects as being black, and the only photo of a black male in the array was that of the particular Defendant, the array could be argued to be suggestive. Similarly, if one of the witnesses had stated that the subject had only one ear, and the only photograph in the array was that of the particular Defendant with one ear, then the photographic array could be considered to be suggestive. In this case, the collective descriptions do not contain any descriptive characteristic given by a witness upon which either Defendant could be singled out of their respective lineups. Defendants' speculation that some unidentified witness could have mentioned such a characteristic is nothing more than an unauthorized attempt to obtain discovery.

### Recommendation

Accordingly, it is respectfully recommended that the Motion to Suppress In and Out of Court Identification be **DENIED**.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 9th day of June, 2010 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      counsel of record

4