09-20470.ora

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-20470 CR MARTINEZ

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

EMMANUEL MAXIME, et al.,

      Defendants.

_____/

### ORDER ON MOTION TO EXCLUDE 404(b) EVIDENCE

**This matter** is before this Court on Defendant Emmanuel Maxime's Motion to Exclude 404(b) Evidence, filed May 6, 2010 (D.E. 140) and Defendant Dwight Carter's Motion in Limine to Exclude Inadmissible 404(b) Evidence (D.E. 147). The Court has reviewed the Motions, the combined Response, and all pertinent portions of the record.

### Facts

Defendants are charged in the superseding indictment with one count of conspiring with Erskaneshia Ritchie ("Ritchie") and Nikkia Thomas ("Thomas") to commit a robbery of a Dunbar Security guard, in violation of 18 U.S.C. § 1951(a), and one count of carrying and using a firearm in relation to a crime of violence which caused the death of a person in violation of 18 U.S.C. §924(c)(1)(A), which killing was defined as a murder pursuant to 18 U.S.C. §1111.[1]

In its 404(b) notice, the government states that it will seek to introduce at trial the following two uncharged crimes:

_____

[1]Defendant Carter is also charged with two narcotics offenses and with possession of a firearm in furtherance of a drug trafficking crime.

**(1)  Westfield Mall Robbery of May 5, 2008**

The Notice alleges that on May 5, 2008, Defendants, along with Ritchie and Maurice Daniels robbed a Dunbar security guard at the Westfield Mall.  The Government alleges that the Defendant Maxime was a "get-away driver" for that robbery, and Ritchie was a "lookout,"while Defendant Carter and Daniels allegedly committed the robbery.

**(2)  Sawgrass Mall Robbery of September 24, 2007**

The Notice alleges that on September 24, 2007, Defendants, Maurice Daniels and an unknown male robbed an AT Systems security guard at the Sawgrass Mall.  The Government alleges that Defendant Maxime was the "get-away driver" in the robbery and Defendant Carter planned the robbery and alerted the other participants about the guard's movements from inside the mall area.

Defendants move for an order finding evidence of these other robberies inadmissible in the trial in this case.

## Discussion

Rule 404(b) of the Federal Rule of Evidence provides:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, ...

Fed.R.Evid. 404(b).  Such evidence is admissible if: (1) the extrinsic evidence is relevant to an issue other than the defendant's character; (2) the proof is sufficient to support a finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence is not substantially outweighed by its prejudicial effect.  United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).

If evidence is not extrinsic, Rule 404(b) does not come into play.  The Eleventh Circuit has held that:

> Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transactions or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.

United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993).  Such evidence must also satisfy Fed.R.Evid. 403.

### I. Westfield Mall Robbery of May 5, 2008

This Court agrees with the Government that the evidence of the Westfield Mall robbery is inextricably intertwined with evidence concerning the charged robbery.  See United States v. Cancelliere, 69 F.3d 1116, 1124-25 (11th Cir. 1996) (permitting government, in case where defendant was charged with fraudulently obtaining bank loans and money laundering, to introduce evidence of uncharged bounced checks, where defendant admitted misrepresentation concerning loan during counseling session with bank president regarding bad checks).

The Government states that it expects that witness Ritchie will testify that when Defendant Carter "mentioned a job at the Dadeland Mall that was 'sweet'," she knew that he was talking about robbing an armored car because she had previously acted as a lookout for Carter in the robbery at the Westland Mall. Resp. p. 2.  As the Government notes, in addition to this evidence explaining why Defendant Carter chose her to be a lookout, it is also is relevant to Ritchie's understanding of the conspiracy charged in this case, her role in that conspiracy, and the role of the Defendants.  The Government further states that the fact that the security guard in the Westland Mall shot at Carter and his coconspirator during that robbery is relevant to explaining Ritchie's anxiety about committing the robbery at the Dadeland Mall, as well as the reason why Defendant Carter fired so many times

at the deceased security guard.[2]

The Court finds that the evidence of the Westfield Mall is inextricably intertwined with evidence of the charged robbery. Because this evidence is significant to any challenges to Ritchie's understanding of certain conversations, her relationship with the Defendants, and her overall credibility, this Court further finds that the probative value of the evidence is not outweighed by any possible prejudice to the Defendant as a result of the admission of this evidence.

## II.   Sawgrass Mall Robbery of September 24, 2007

Evidence concerning the Sawgrass Mall robbery would be extrinsic to the charged offense. Therefore, the Court must first determine whether it is "relevant to an issue other than the defendant's character." Edouard, 485 F.3d at 1444. The Government maintains that the evidence is being offered as proof of intent, knowledge and absence of mistake, and identity.

Because Defendants have been charged with conspiracy and have entered pleas of not guilty, their intent is an issue in the case. See, e.g., United States v. Matthews, 431 F.3d 1296 (11th Cir. 2005). The Court finds that evidence of the Defendants' participation in another armored truck guard robbery, as well as possession of a firearm in connection with that robbery, is relevant to the issue of the Defendants' intent in committing the charged acts. The evidence is also relevant to the issues of knowledge and absence of mistake with respect to the Defendants' purpose for being at the mall at the time in question, as well as their possession of a firearm.

Finally, the evidence is relevant to the issue of identity, in that the Government proffers that the following similarities exist between the charged and uncharged offenses: (1) the target was an armored car guard; (2) the robberies occurred after the guard picked up cash inside the shopping mall; (3) the robberies involved two persons assigned the role of assaulting the guard inside the mall

---

[2]According to the Complaint, fourteen 9mm rounds were fired during the Dadeland Mall robbery.

while two persons waited outside the mall; (4) in both robberies the two designated assailants were armed with handguns; and (5) in both robberies a car was used.

Next, the Court must determine whether the proof of the uncharged offense is sufficient to support a finding that the Defendants committed the extrinsic act. The Government proffers that Thomas will testify that Defendant Maxime told her that he committed the armed robbery at Sawgrass Mall. As to Defendant Carter, the Government states that Carter made post-Miranda statements to Miami Dade detectives linking him to the Sawgrass Mall robbery. Although Carter notes in a footnote to his motion that his "formal recorded statement" does not mention this robbery, he has not denied that he may have made unrecorded statements regarding his participation. Moreover, the Government states that Carter also made statements to Ritchie which link him to the robbery. Such admissions are, in themselves, sufficient evidence to support a finding that Defendants committed of the robbery. See United States v. Shores, 966 F.2d 1383, 1386 (11th Cir. 1992).[3]

Finally, the Court finds that the probative value of the Sawgrass Mall robbery evidence substantially outweighs its prejudicial effect. The Eleventh Circuit has stated that exclusion of probative evidence is an extraordinary remedy that should only be used sparingly. United States v. Ndiaye, 434 F.3d 1270, 1284 (11th Cir. 2006) (citing United States v. Chandler, 996 F.2d 1073, 1101 (11th Cir. 1993)). In light of the highly probative value of the evidence on the numerous issues mentioned above, the Court finds that whatever prejudice may occur to Defendants by the admission of the evidence can be mitigated by a curative instruction, if necessary.

Accordingly, the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the Motion to Exclude 404(b) Evidence and the Motion in Limine to Exclude

---

[3]The Government notes that the victim guard's testimony as well as security camera footage and an eyewitness statement will serve as corroborating evidence, if necessary.

Inadmissible 404(b) are hereby **DENIED**.[4]

    **DONE AND ORDERED** this \_\_5\_\_ day of June, 2010 at Miami, Florida.

                                           _____
                                         STEPHEN T. BROWN
                                         U.S. MAGISTRATE JUDGE

cc:      Honorable Jose E. Martinez
          counsel of record

---

[4]The Court notes that even if evidence of the Westfield Mall robbery is deemed to be extrinsic, it would also be admissible under a Rule 404(b) analysis. The evidence is relevant to the issues of intent, knowledge and absence of mistake, and the uncorroborated testimony of Ritchie, an accomplice, is sufficient evidence for a jury to conclude that Defendants committed the act. <u>See</u> <u>United States v. Bowe</u>, 221 F.3d 1183, 1192 (11th Cir. 2000).